UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GLEN A. MOREHOUSE, EMMA J. MOREHOUSE, RUSSELL BOLEN, CLARK COUNTY, CEDAR CREEK PROPERTY ASSOCIATION, FIRST INDEPENDANT BANK, TRANSAMERICA INDUSTRIAL LOAN,<br><br>  Defendant. | Case No.  C07-05698-RBL<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on the United States' Motion of for Summary Judgement [Dkt. #33]. For the reasons stated below, the Government's Motion for Summary Judgment is GRANTED.

**FACTUAL BACKGROUND**

The facts giving rise to this controversy do not appear to be in dispute. Mr. Glen Morehouse failed to file and pay his federal income tax for 1987 through 1993. At issue in this case are two properties located in Amboy, Washington, in which Mr. Morehouse and his former wife, Ms. Emma Morehouse-Sands, hold interest. Mr. Morehouse's interest in these properties are subject to a valid federal tax lien, which was filed pursuant to 26 U.S.C. §6323(f) in Clark County, Washington on

August 10, 1998, for the amount equal to his tax liabilities. The United States seeks judgment against Mr. Morehouse for a tax deficiency in the amount of $517,295.58, as of May 7, 2009, plus subsequently accruing penalties and interest to date. The United States also moves to sell both properties unpartitioned, and to foreclose on the tax lien on Mr. Morehouse's interest. Ms. Morehouse-Sands will receive proceeds from the sale, equal to the share of her interests.

Mr. Morehouse and his wife Ms. Morehouse-Sands purchased two properties in Amboy, Washington. They jointly acquired an interest in the "Amboy Residence," located at 20816 NE 389th St., Amboy, Washington, via a Warranty Fulfillment Deed on or about December 15, 1976. They acquired as community property with Mr. Morehouse's first cousin, Mr. Russell E. Bolen, an interest in the "Amboy Tract" via Warranty Deed on or about June 24, 1987. The Amboy Tract is located at 41018 NE 149th Avenue, Amboy, Washington.

On May 15, 1995, Mr. and Ms. Morehouse-Sands filed for divorce. *See* Parker Decl. ¶16, Ex. M. The Findings of Fact and Conclusions of Law and Decree of Dissolution issued by the Superior Court of Washington provide that Ms. Morehouse-Sands retains a one-third interest[1] in the net profits of any sale of the Amboy Residence. Mr. Bolen has formally disclaimed his interest in the Amboy Tract.[2] Consequently, Mr. Morehouse and Ms. Morehouse-Sands each possess a 50% interest in Amboy Tract as tenants-in-common.

On August 16, 1995 the IRS sent Mr. Morehouse a copy of the Notice of Deficiency for unpaid Form 1040 federal income taxes for the tax years 1987 to 1993. Parker Decl. ¶11, Ex. H. On November 16, 1995, Mr. Morehouse filed a petition against the Commissioner of Internal Revenue in United States Tax Court. T.C. Docket. No. 23950-95. The case was dismissed, however, for lack of prosecution on March 21, 1997. *See id.* The Tax Court entered an order deciding the amounts of Mr.

---

[1] The Government contends that Mrs. Morehouse-Sands holds a 30% interest in the proceeds from the sale of Amboy Residence while the record indicates that her interest is "1/3 of the net profits." Parker Decl. ¶18; Ex. O at 1:44-48.

[2] *See* Order on Stipulation regarding Disclaimer of Interest by Ronald Bolen, Oct. 16, 2008, Docket No. 19.

ORDER
Page - 2

Morehouse's federal income tax deficiencies for the tax years 1987-1993.[3] Order of Dismissal, Aug.14, 2007, U.S.T.C. Docket No. 23950-95, Parker Decl. ¶11, Ex. H. Mr. Morehouse failed to file a Notice of Appeal within 90 days of the judgment in accordance with Title XIX of the Tax Court Rules of Practice and Procedure, and thus has waived his right to appeal. Parker Decl. ¶13, Ex. J.

Mr. Morehouse's federal income tax liabilities to date are as follows:

|  | 1987 | 1988 | 1989 | 1990 | 1991 | 1992 | 1993 |
|---|---|---|---|---|---|---|---|
| Income Tax Liability Including Assessed Penalties and Interest | $43,777.57 | $58,621.15 | $33,323.40 | $32,491.83 | $30,306.92 | $23,135.70 | $22,412.90 |
| Unassessed Penalties | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,040.00 | $3,131.00 |
| Accrued Unassessed Interest as of 5/7/2009 | $47,739.89 | $63,735.51 | $35,979.11 | $34,796.23 | $32,238.20 | $26,796.51 | $25,769.66 |
| Total Liability per Year | $91,517.46 | $122,356.60 | $69,302.51 | $67,288.06 | $62,545.12 | $52,972.21 | $51,313.56 |
| Total Tax Liabilities | **$517,295.58** (as of 5/7/2009) + interest to date ||||||||

On December 29, 1997, an authorized delegate of the Secretary of the Treasury determined failure-to-pay penalties and interest under I.R.C. §6654 for the tax years, 1987 through 1993. On September 19, 2005, an authorized delegate determined failure-to-file income tax return penalties under I.R.C. § 6651(a)(1) for the 1987 through 1991 tax years. In sum, Mr. Morehouse's total outstanding balance of liabilities for the 1987-1993 tax years including statutory accruals, due as of May 7, 2009, is $517,295.58. *See* Davaz Decl. at 4:10-12.

Pursuant to 26 U.S.C. §§ 6601, 6621(a)(2) and 26 C.F.R. 301.6621-1, Mr. Morehead also owes accrued, but unassessed interest to date on his unpaid tax liabilities. Interest continues to be

---

[3] Mr. Morehouse's tax deficiencies, not including penalties, interest, or other fees, for the 1987, 1988, 1989, 1990, 1991, 1992, and 1993 tax years, respectively, are as follows: $12,937, $19,063, $11,989, $12,995, $13,121, $12,160, and $12,524.

compounded daily. 26 U.S.C. § 6622 (2009). On August 10, 1998, the IRS filed a Notice of Federal Tax Lien ("NFTL") with the Clark County Recorder's Office for tax years 1987-1993. The IRS refiled its NFTLs for the tax years 1987-1991 on August 20, 2007, and for the tax years 1992-1993 on October 23, 2007. Parker Decl. ¶25, Ex. V.

## **PROCEDURAL BACKGROUND**

The United States filed this action on December 20, 2007, to reduce to judgment, tax assessments made against Mr. Morehouse and to foreclose the tax lien on Mr. Morehouse's interest in two parcels of real property jointly owned by Mr. Morehouse and Ms. Morehouse-Sands. In March 2008, Mr. Morehouse filed for bankruptcy, which stayed this action through the automatic stay provisions of 11 U.S.C. § 362. *See* Notice of Suggestion of Bankruptcy, [Dkt. #10]. In August 2008, the bankruptcy proceeding was dismissed, terminating the automatic stay. *See* Motion to Reopen Case, Docket No. 13.

The United States, under 26 U.S.C. §7403(c), has named all parties "having liens upon or claiming to the interest in the party." Complaint, Dec. 20, 2007, Docket No. 1. The Court has previously determined the property interests of all other defendants in this matter.[4] The Court has also dismissed all parties no longer holding an interest in either of the Amboy properties.[5]

The United States seeks to enforce a lien by foreclosure pursuant to 26 U.S.C. §7403. The United States moved for Summary Judgment on Mr. Morehouse's tax liabilities and foreclosure of the tax lien on May 11, 2009. FED. R. CIV. P. 56 (2009). The United States has proposed an unpartitioned sale of both Amboy Tract and Amboy Residence. Mr. Morehouse's interests in the

---

[4] Clark County holds superior liens for unpaid property taxes for both the Amboy Tract and the Amboy Residence. *See* Order Granting Stipulation between the United States and Clark County, Docket No. 32. The Cedar Creek Property Owners Association holds a claim of lien on Amboy Tract inferior to the interest of the United States tax lien. Net proceeds from the sale of Amboy Tract will be used to satisfy Mr. Morehouse's federal income tax liabilities prior to Cedar Creek's claim of lien. *See* Order Granting Stipulation between United States and The Cedar Creek Property Owners Association (May 4, 2009); Docket No. 30.

[5] Mr. Bolen has disclaimed all interest in the Amboy Tract and was dismissed from this suit on October 16, 2008. *See* Order Granting Stipulation Regarding Disclaimer of Interest by Russell Bolen, Docket No. 19. The Court also dismissed Transamerica Industrial Loan from the action on October 29, 2008, as it had reconveyed its interest to the Morehouses. *See* Order Dismissing Defendant Transamerica Industrial Loan Without Prejudice, Docket No. 21.

ORDER
Page - 4

properties would be foreclosed. Ms. Morehouse-Sands would receive a proportion of proceeds from the sale equal to share of her interests in the properties.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## DISCUSSION

**I. The Assessments For Greg Morehouse's Income Tax Deficiencies for the Years 1987-1993 are Valid.**

The United States has met its burden in showing that there are valid federal tax assessments against Mr. Morehouse. The United States Tax Court determined that Mr. Morehouse failed to pay his income taxes for the years 1987-1993. *See* Order of Dismissal and Decision, May 16, 2006, Parker Decl. ¶12, Ex. I. Mr. Morehouse did not appeal, and the Tax Court's order is a Final Judgment.

The IRS has issued Form 4340 Certificates of Assessments and Payments, which show income tax liabilities and penalties assessed against Glen Morehouse for the tax years 1987-1993. *See* 26 U.S.C. §§6201-6203; Parker Decl.¶¶4-11, Exs. A-H. Mr. Morehouse received proper notice and demand for payment of liabilities pursuant to sections 6303(a) and 6321. Parker Decl. ¶24; Ex. U.

Mr. Morehouse has also admitted to the correctness of all federal income taxes assessed against him with the exception of subsequently assessed failure-to-pay penalties and assessments for fees and collection costs. Parker Decl. ¶14, Ex. K; Parker Decl. II at ¶ 4; Ex. X.

Mr. Morehouse contends that there is an issue of material fact as to whether Mr. Morehouse "understood the notice and was able to meaningfully participate in the defense of assessments made by the Internal Revenue Service." Morehouse Opp. Mtn. Summ J. 2:17-19, Docket No. 36. Section 6303(a) only requires "the Secretary . . . to '*give* notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.'" 26 U.S.C. § 6303(a); *United States v. Galletti*, 541 U.S. 114, 119 (2004) (emphasis added). To afford a person due process of law, notice need only be reasonably calculated, under all the circumstances, to apprise him or her of his or her opportunity to defend. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-315 (1950).

"Mental incapacity" does not relieve an individual of income tax liability. In cases involving foreclosure of tax liens on property, "mental incapacity" is only relevant as to whether the notice provided affords due process of law. Notice to a person "known to be an incompetent who is without the protection of a guardian does not measure up" to the due process requirement. *Covey v. Town of Sommers,* 351 U.S. 141, 148 (1956). After receiving notice, Mr. Morehouse filed a petition in the United States Tax Court contesting the proposed assessments. Parker Decl. at ¶16; Ex. J. The fact that he attempted to dispute his tax assessments demonstrates that he understood the notice. Mr. Morehouse had ample opportunity to challenge the IRA's assessments.

Even accepting as true Mr. Morehouse's claimed brain injury, the record does not establish "mental incompetency." Following the 1984 motor vehicle accident from which Mr. Morehouse allegedly suffered his brain injury, he successfully litigated and obtained judgment against the motorist responsible for the accident. Parker Decl. II at ¶ 6; Ex. Z at 6:8-16. He engaged in income generating activities, and real estate deals. Parker Decl. II at ¶ 6; Ex. Z at 62:4-9; 76:16-77:12. He ran several companies, an appliance company and a furniture business, for which he managed several employees. Parker Decl. ¶ 14; Ex. K at 10:22-12:1. Furthermore, he has participated in the instant action.

As a whole, Morehouse's deposition testimony and affadavits do not establish that his 1984 brain injury has rendered him "wholly unable to understand the nature of the proceedings against

[his] property . . ." *Covey,* 351 U.S. at 148. Moreover, he has not offered any evidence in his affadavits or otherwise that the "authorities knew [him] to be an unprotected incompetent." *Id.* (emphasis added).

Furthermore, an affirmative defense may only be raised at summary judgment if it would not prejudice the moving party. *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir. 1993). Mr. Morehouse failed to include "mental incapacity" as an affirmative defense in response to the United States Interrogatory Request No. 4. Parker Decl. II; Ex. W at ¶4. Allowing Mr. Morehouse to raise "mental incapacity" as an affirmative defense at this stage in the litigation, after the close of discovery and without the opportunity for discovery regarding the issue, would be highly prejudicial to the United States. In the interests of justice and judicial efficiency, Mr. Morehouse may not assert the defense of "mental incapacity."

The Government has met its burden in establishing that Mr. Morehouse failed to pay his 1987-1993 Federal income taxes.

**III. The December 29, 1997 and September 19, 2005 Assessments of Tax Penalties and Fees are Valid.**

Impositions of additions to tax are presumptively correct. *Delaney v. Commissioner*, 743 F.2d 670, 672 (9th Cir. 1984). IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under 26 U.S.C. § 6203; *Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993). The taxpayer bears the burden of proving the add-ons to be erroneous. *Id.* The Government has established fully that Mr. Morehouse is presumptively liable for the unpaid taxes, and the respective penalties and fees shown in the Certificates of Assessments and Payments. Parker Decl. ¶¶4-11, Exs. A-H. *See also Huff*, 10 F.3d at 1445-47; *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993). These assessments were based on the tax deficiencies decided by the Tax Court in the May 11, 2007 Order of Dismissal and Decision. Parker Decl. ¶12, Ex. I.

Mr. Morehouse protests the accuracy of the Tax Court's assessments based on an "inappropriate" dismissal of his case. Mr. Morehouse's contention that the Tax Court's dismissal was improper because he was in "contact with the Tax Court in regards to his appearance" is

irrelevant. Mem. Opp'n U.S. Mtn. Summ. J. 2:24-3:2. Courts of appeal, not district courts, have exclusive appellate jurisdiction over Tax Court decisions. 26 U.S.C. § 7482 (2009); *UnionBanCal Corp. v. C.I.R.*, 305 F.3d 976, 981 (9th Cir. 1992). Consequently, this Court lacks any authority to address the propriety of the Tax Court's dismissal. As the appeal of a tax case does not lie within this Court's jurisdiction, there is no need to address Mr. Morehouse's reliance upon *Pasternack v. Commissioner,* 478 F.2d 588 (D.C. Cir. 1973),

Mr. Morehouse had a fair opportunity to appeal the decision of the Tax Court. In failing to file a timely notice of appeal within the period proscribed by the Tax Court Rules of Practice and Procedure, Mr. Morehouse waived the right to appeal. *See* 26 U.S.C. App. Tit. XIX. The final judgment of the Tax Court has *res judicata* effect. *See* 26 U.S.C. § 7481; *United States v. International Building Co.*, 345 U.S. 502, 506 (1953); *Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948).

Mr. Morehouse has failed to present any meritorious basis on which to question the accuracy of either the December 29, 1997 or the September 19, 2005 assessment. Defendant has failed to show that the amounts of the assessments are either incorrect or invalid. The December 29, 1997 and September 19, 2005 assessments of tax deficiencies, penalties, and fees for the 1987-1993 tax years are correct. Mr. Morehouse is liable for these additions.

**IV. Greg Morehouse is Liable for Statutory Interest on All Unpaid Income Tax and Associated Penalty and Cost Accruals on His 1987-1993 Tax Liabilities.**

"Bad things happen if you fail to pay federal income taxes when due. One of them is that interest accrues on the unpaid amount." *Hinck v. United States*, 550 U.S. 501, 502-03 (2007). 26 U.S.C. §§ 6601(a) and (e)(2)(A), 6621, and 6622 require statutory interest to accrue from the date of notice and demand of payment for unpaid income tax and associated penalties, liabilities, and costs. Interest accrues daily until paid in full. 26 U.S.C. §6622 (2009). Once an underlying income tax and associated tax and penalties are established, awarding statutory interest is nondiscretionary. *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993). Mr. Morehouse is liable for statutory interest on his 1987-1993 tax deficiency, and the related interest and penalties.

**V. Greg Morehouse's Failure to Pay Federal Income Tax for the Tax Years 1987-1993 Entitles**

1 **the United States to Foreclose its Tax Liens Against the "Amboy" Properties.**

2 The Federal tax lien statute imposes a lien in favor of the United States upon "all property and
3 rights to property, whether real or personal, belonging to" any delinquent taxpayer. 26 U.S.C. § 6321
4 (formerly 26 U.S.C.A. 3670 (1956))(2009). A Federal tax lien applies not only to property belonging
5 to a taxpayer as of the date of demand or date when the collector receives the assessment, but also
6 includes property acquired thereafter and owned by the delinquent at any time during the life of the
7 lien. *Glass City Bank v. United States*, 326 U.S. 265, 268 (1945). The lien "arise[s] at the time the
8 assessment is made" and "continue[s] until the liability for the amount so assessed (or a judgment
9 against the taxpayer arising out of such liability) is satisfied . . ." 26 U.S.C. § 6322 (2009). United
10 States' tax liens are perfected upon assessment; no further action is required. *United States v.*
11 *Vermont*, 377 U.S. 351, 355 (1964). Federal tax liens are also effective against any other person who
12 may hold an interest in the property. 26 U.S.C. §§ 6321, 6323(a); *Drye v. United States*, 528 U.S. 49,
13 50 (1999); *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1995).

14 Because Mr. Morehouse failed to pay his taxes, the United States holds a valid federal tax lien
15 in the amount of $517,295.58, plus statutory interest to date. The United States seeks to foreclose its
16 lien against Mr. Morehouse's interest in the Amboy properties. The interests of all other parties in
17 the Amboy properties in this case are settled. Mr. Morehouse and Ms. Morehouse-Sand each hold a
18 50% interest in the Amboy Tract as tenants-in-common. Ms. Emma Morehouse-Sand's sole interest
19 in the Amboy residence is "1/3 of net profits" in event of a sale. August 14, 2005, Findings of Fact
20 and Conclusions of Law; Parker Decl. at 17; Ex. N. at 2:20-24.

21 The court, "on any case where there has been a refusal or neglect to pay any tax . . . may
22 decree a sale of such property, by the proper officer of the court." 26 U.S.C.A. §7403(a-c) (West
23 2009). Mr. Morehouse first received notice of his 1987 to 1993 tax delinquencies in 1995. Parker
24 Decl. ¶11, Ex. H. The Tax Court ordered a dismissal of his tax case, and issued a decision on his tax
25 liabilities on August 14, 1997. Parker Decl. ¶12, Ex. I. Twelve years later, Mr. Morehouse has yet to
26 pay his tax liabilities. Because Mr. Morehouse is delinquent, the Court finds it appropriate to order
27 foreclosure of the federal tax liens on Mr. Morehouse's interest in the Amboy Tract and Amboy

28

ORDER
Page - 9

Residence, and order a forced sale of the properties.[6] Ms. Morehouse-Sands will receive 50% of the proceeds from the sale of Amboy Tract, and 1/3 of the net proceeds[7] from the sale of Amboy Residence.

## **CONCLUSION**

The United States has offered ample evidence of the assessments against Mr. Morehouse's rights to property, and is entitled to foreclose the federal tax liens encumbering his interest in the real properties at issue in this case. There are no genuine issues of material fact for trial. For the foregoing reasons, the Court grants summary judgment for the United States and against Mr. Morehouse on the following issues:

(1) Mr. Morehouse is liable for unpaid Form 1040 personal income taxes for the years 1987-1993, in the amounts listed in the United States Tax Court's August 14, 1997, Order of Dismissal and Decision.

(2) Mr. Morehouse is liable for any penalties and fees associated with his failure to file and nonpayment of his Federal income taxes, assessed by representatives of the Secretary of Treasury on December 27, 1997, and September 19, 2005.

(3) Mr. Morehouse is liable for statutory interest accruing on his tax liability for unpaid income and associated penalties and fees for the tax years 1987-1993.

(4) Mr. Morehouse's total tax liability is $517,295.58, as of May 7, 2009, plus subsequently accrued penalties and interest to the date of this order.

---

[6]While discretion to permit foreclosure is limited and should be exercised "rigorously and sparingly," the Government's interest in prompt and certain collection of delinquent taxes is "paramount." *United States v. Rodgers*, 461 U.S. 677, 710-12 (1983). The four factors laid out in Rodgers indicate that foreclosure is appropriate when: (1) The government's financial interest would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes; (2) There is no legal expectation that the Amboy Residence or Amboy Tract would be protected from a forced sale; (3) Ms. Morehouse-Sands no longer resides at Amboy Residence and will not suffer prejudice in dislocation or undercompensation; and (4) Ms. Morehouse-Sand's one-third interest in Amboy Tract and 50% interest in Amboy Residence are of insufficient value or character to prevent sale of the properties.

[7]The Government appears to use the terms "proceeds" and "net profits" interchangeably, though they are decidedly different concepts. The Government has not indicated how the "net profits" of the sale of Amboy tract are to be calculated, and the Court cannot do so from the record. The Order of Sale shall therefore make clear that Ms. Morehouse-Sands is entitled to ONE-THIRD OF THE NET PROCEEDS of the sale of the Amboy Residence.

(5) The United States holds a valid lien, in the amount of Mr. Morehouse's tax liabilities, on the Amboy Tract and the Amboy Residence, which will be foreclosed and subject to a forced sale. Ms. Morehouse-Sands will receive proceeds from the sale equal to the proportion of her interests in the Amboy properties.

Therefore, it is hereby:

**ORDERED** that United States' Motion for Summary Judgment is **GRANTED** against Defendant Glen Morehouse in the amount of $517,295.58, as of May 7, 2009, plus interest accruing from that date. The United States shall file a Proposed Order of Sale for the Amboy Residence and the Amboy Tract within thirty days of the date of this Order.

DATED this 15th day of June, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE